IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LONNIE GHOLSON,<br>    Plaintiff, | Civil Action No. 7:06-cv-00276 |
| v. | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>et. al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Lonnie Gholson, a Virginia inmate proceeding pro se, brings this action as civil complaints pursuant to the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Gholson complains that various living conditions at Red Onion State Prison (ROSP) are unconstitutional. He seeks monetary and interlocutory injunctive relief. He also seeks in forma pauperis status. Upon review of the pleadings, the court finds that Gholson does not qualify to proceed in forma pauperis in this case, pursuant to 28 U.S.C. § 1915(g). Accordingly, the court will deny the motion for in forma pauperis and as Gholson has not prepaid the necessary $350.00 filing fee, dismiss the action without prejudice.

Enacted as part of the Prison Litigation Reform Act of 1996, 18 U.S.C. §1915(g) provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records reflect that Gholson has previously had three prior cases dismissed as malicious, frivolous, or for the failure to state a claim: Gholson v. Mullins, 7:00-cv-00647 (W.D. Va. 2000)(removal action, all federal claims dismissed, pursuant to §1915A(b)(1), for failure to state a claim, and state law claims remanded to state circuit court); Gholson v. Saunders, 7:98-cv-00370 (W.D. Va. 1998)(§1983 action dismissed for failure to state a claim, pursuant to §1915A(b)(1)); Gholson v. Angelone, 7:97-cv-00419 (W.D. Va. 1997)(§1983 action dismissed for failure to state

1

a claim, pursuant to §1915A(b)(1)). As Gholson has accumulated three "strikes," he may not proceed with the current action without prepaying the $350.00 filing fee or demonstrating that he is "under imminent danger of serious physical injury." §1915(g).

In this complaint, Gholson sues more than twenty prison officials over a litany of allegedly unconstitutional conditions to which he has been subject at ROSP: unidentified violations of Gholson's rights under the First, Fifth, Eighth, and Fourteenth Amendments through various, unidentified means of "torture and abuse of prisoners at ROSP"; all outside windows are covered and sealed; cell door windows may be covered for up to ninety days for an indecent exposure charge; penalties imposed for disciplinary convictions are excessive and prisoners' privileges are sometimes withheld as punishment; restitution and fines imposed by the adjustment committee are "stolen" from inmates;[1] officials imposed a medical co-payment requirement after Gholson was incarcerated, in violation of the Ex Post Facto Clause; inmates' are served unappetizing, cold food as punishment, although defendants blame budget concerns, and Gholson suffers "'acute' melancholia, ire and hunger pains"; the cook "perpetually" fails to follow the VDOC master menu; an inmate who requests a vegetarian diet receives "insipid" meat substitutes–boiled beans every night and "mostly cold cheese" for breakfast and lunch; officials routinely deny inmates access to the grievance procedures; officials fail to follow state and federal regulations regarding the use of ambulatory restraints; officials fail to video tape every time they check the ambulatory restraints; officers do not release inmates from restraints to eat or use the bathroom; inmates are maintained in ambulatory restraints even after they become calm; officers are allowed to destroy inmates' property; Officer Kilbourne destroyed specific pieces of Gholson's property; officials deny inmates their religious diets and attempt to starve prisoners during Ramadan in order to discourage participation; prisoners are denied participation in the Common Fare Diet for "malign" reasons; officials refuse to recognize Gholson's religion of "peace, happiness, righteousness, truth, justice,

---

[1] In his in forma pauperis application, Gholson complains that he was charged $73.00 to replace a broken sprinkler head.

2

spirituality, etc."; inmates are held in "perpetual segregation"; mentally ill inmates like Gholson are held at ROSP, where they lack care, treatment and evaluations; and on April 19, 2006, officers claimed all of Gholson's property was waterlogged and his TV did not work. As relief in this action, Gholson seeks monetary and injunctive relief.

The court cannot find that Gholson has alleged facts indicating that he is in any imminent danger of serious physical harm arising from the defendants' alleged violations. The majority of Gholson's claims concern past events that cannot support a claim of imminent physical danger. While he alleges suffering minor discomforts, such as hunger pains and meloncholia, and untreated mental illness, he does not allege facts suggesting that any of these conditions threatens him with imminent, physical harm. Thus, he fails to demonstrate that he is in imminent danger of physical harm related to any of his claims. As Gholson has not met this requisite showing so as to qualify under §1915(g) to proceed without prepayment of the filing fee, the court denies his application to proceed in forma pauperis. As plaintiff has also failed to pay the $350.00 filing fee, this action will be filed and dismissed without prejudice, pursuant to §1915(g).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 5th day of May, 2006.

Senior United States District Judge